```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

ALBINO GARCIA                                  CIVIL ACTION

VERSUS                                         NO: 06-537

EXXONMOBIL OIL CORPORATION,                    SECTION: "J" (5)
ET AL.
```

**ORDER AND REASONS**

Before the Court is Defendant ExxonMobil Oil Corporation's **Motion for Summary Judgment (Rec Doc. 29)**.  This motion, which is opposed, was set for hearing on June 25, 2008 on the briefs.  Upon review of the record, the memoranda of counsel, and the applicable law, this Court now finds, for the reasons set forth below, that Defendant's motion should be granted.

### Background Facts

This case stems from an incident at the ExxonMobil Oil Corporation ("ExxonMobil") refinery in Chalmette, Louisiana.  Plaintiff claims he was injured when exposed to sulfur dioxide gas while completing a welding job at the refinery.  Plaintiff was employed by Ohmstede United Industrial Services ("Ohmstede").

Ohmstede was plaintiff's payroll employer.  In July 2001, Ohmstede entered into a Continuing Services Agreement ("CSA") with ExxonMobil for Ohmstede to perform certain tasks, including welding projects.  Under the CSA, ExxonMobil issued work orders to Ohmstede for each project.  Plaintiff was completing welding work in accordance with a work order to repair a second stage reaction furnace that is used to burn off hydrogen sulfite, a byproduct of the refining process.

## The Parties' Arguments

ExxonMobil argues that they are immune from tort liability under Louisiana law because they are plaintiff's statutory employer.  In support of this argument, ExxonMobil asserts that: (1) the combination of the work order that caused plaintiff to complete the welding job at the refinery and the CSA between ExxonMobil and Ohmstede create a rebuttable presumption that ExxonMobil is plaintiff's statutory employer, and (2) plaintiff cannot overcome the presumption because the work he was completing is integral to ExxonMobil's Chalmette Refinery operation.

Plaintiff Garcia opposes the motion arguing that ExxonMobil Oil Corporation, the specific defendant in this case, is not a party to the CSA and thus cannot claim the agreement's protections.  The contracting entities who signed the CSA are

2

Ohmstede and "Procurement, a division of ExxonMobil Global Services Company." Additionally, plaintiff argues that ExxonMobil has not satisfied their burden of proof that the work plaintiff was completing was pursuant to a work order.

ExxonMobil filed a reply memorandum to address plaintiff's arguments. ExxonMobil argues that although "Procurement, a division of ExxonMobil Global Services Company" is the signatory to the CSA, the provisions of the CSA broaden the scope of the agreement to include certain affiliates when the affiliate issues a work order. Additionally, in support of their argument ExxonMobil has submitted an affidavit from an Ohmstede vice president stating that the work at the time of plaintiff's injury was being completed pursuant to a work order and a copy of the work order.

## **Legal Standard**

Summary judgment is appropriate if "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If that burden has been met, the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment. Matsushita Elec.

Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 588 (1986).

## Discussion

The Louisiana Workers' Compensation Act provides employers with immunity from tort liability. LSA-R.S. 23:1032. Although ExxonMobil was not the plaintiff's direct employer, they argue that through contract they have assumed the protections and immunity from tort liability provided to employers by creating a statutory employer relationship under Louisiana Revised Statute 23:1061. Louisiana Revised Statute 23:1061(A)(3) provides that a rebuttable presumption of a statutory employer relationship is created where "there is a written contract between the principal and a contractor which is the employee's immediate employer or his statutory employer, which recognizes the principal as a statutory employer." An injured employee can overcome the statutory employer presumption by showing that the work being completed when he was injured "is not an integral part of or essential to the ability of the principal to generate that individual principal's goods, products, or services." LSA-R.S. 23:1061(A)(3).

This Court has recently addressed the statutory employer argument. In Armond v. Marathon Oil Corp. the Court dismissed the case on defendant's motion for summary judgment where the defendant claimed to be a statutory employer under Louisiana Revised Statute 23:1061. No. 06-2459, 2007 WL 934452, at * 1

(E.D. La. March 23, 2007).  Plaintiff was completing work pursuant to a service contract between Marathon Oil and The Cajun Company, plaintiff's direct employer, that specified Marathon Oil as plaintiff's statutory employer.  Id.  When he was injured, plaintiff was working atop a storage tank used to store asphalt in a liquid state such that the asphalt would be marketable.  Id.  Plaintiff opposed the summary judgment motion arguing that such work was not "integral" to the defendant's ability to generate its product.  Id. at *2.  This Court rejected that argument noting that Louisiana courts have adopted a liberal interpretation of what is integral to a business.  Id. at *3.  For example, the Louisiana First Circuit Court of Appeals has held that a contractor completing work on a waste storage facility at a chemical plant is involved in work that is integral to a defendant chemical company's business because without the use of the storage tanks the chemical company could not produce any product.  Id. (discussing Everett v. Rubicon, Inc., 938 So.2d 1032, 1041 (La. App. 1 Cir. 2006).

In the present case, the contract between ExxonMobil and Ohmstede creates a presumption that ExxonMobil is the plaintiff's statutory employer.  Plaintiff correctly identifies "Procurement, a division of ExxonMobil Global Services Company" as the signatory to the CSA.  However, under the terms of the CSA other ExxonMobil affiliates who issue work orders are subject to the

5

CSA.  Specifically, Paragraph 13 of the Definitions section of the CSA defines a "User" as any "Affiliate that Issues a Work Order to Contractor as provided in this Agreement."  Continuing Services Agreement, pg. 2, paragraph 13.  Article 4 of the CSA specifically governs work orders.  Article 4.1 states that "[a]ny affiliate may, from time to time, Issue Work Orders to Contractors under this Agreement."  Id. at pg. 3, article 4.1. Article 4.2 unequivocally states that "[e]ach accepted Work Order shall constitute a legal contract between User and Contractor separate and distinct from either any other Work Order or this Agreement.  Each Work Order shall, nonetheless, be deemed to incorporate the provisions of this Agreement."  Id. at pg. 3, article 4.2.  The work order relating to the job plaintiff was completing when he was injured identifies "ExxonMobil Oil Corp as Operator, Agent for Chalmette Refining, LLC" as the user who issued the work order to Ohmstede.  The work order requests that Ohmstede complete work on the second stage reactor furnace, the same location where plaintiff claims to have been injured.  The work order, combined with the incorporated terms of the CSA created a contract between ExxonMobil, the defendant in this case, and Ohmstede.  Thus, ExxonMobil is entitled to the protections provided by the CSA.

In accordance with Louisiana Revised Statute 23:1061(A)(3), Article 14 of the CSA states, "When Louisiana law governs, User

6

(as principal employer) and Contractor (as direct employer) agree to recognize User as the statutory employer of employees of Contractor and its Subcontractors while such employees are providing Services to User under this Agreement." Continuing Services Agreement, pg. 9, article 14.  This provision in the written contract between defendant and plaintiff's direct employer creates a presumption that ExxonMobil is plaintiff's statutory employer, pursuant to Louisiana Revised Statute 23:1061.

Plaintiff Garcia cannot rebut the presumption that ExxonMobil is his statutory employer.  Similar to the injured employees in Armond v. Marathon Oil Corp. and Everett v. Rubicon, Inc., the work plaintiff was completing is integral to the creation of ExxonMobil's product.  Without a properly functioning second stage reaction furnace, ExxonMobil would not be able to burn off the hydrogen sulfite byproduct created in the refining process.  This failure would halt production of ExxonMobil's product.  As a result of plaintiff's inability to rebut the presumption, ExxonMobil can establish that by law they are Plaintiff's statutory employer under Louisiana Revised Statute 23:1061, and that pursuant to Louisiana Revised Statute 23:1032 they are entitled to immunity from suit for tort liability. Accordingly,

**IT IS ORDERED** that Defendant ExxonMobil Oil Corporation's

**Motion for Summary Judgment (Rec. Doc. 29)** is hereby **GRANTED.**

New Orleans, Louisiana, this 29th day of August, 2008.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE